# Murray *v.* Real Estate Title Insurance & Trust Company, Appellant.

*Banks and banking—Checks—Forgery—Notice—Time—Question for jury.*

1. The duty of a depositor in a bank upon discovering that it has paid and charged to his account, either a check bearing his forged signature as drawer, or his check on the forged indorsement of the payee, is to promptly notify it of the forgery. A delay of a week or two weeks after the discovery of the forgery, is too late, and will be so found by the court as a matter of law. The fact that the discovery of the forgery was not made until after the forger's death, is immaterial if the depositor does not notify the bank for a week or two weeks after the discovery.

2. The reason for the rule is based on the right of the bank to proceed immediately and promptly against the wrongdoer, and to take what measures it may deem proper to recover the money. If it does not receive prompt notice, it may lose its opportunity. The court cannot say as a matter of fact and of legal certainty that after the death of the forger the bank can do nothing.

Argued Oct. 23, 1908. Appeal, No. 119, Oct. T., 1908, by defendant, from judgment of C. P. No. 5, Phila. Co., June T. 1906, No. 5,141, on verdict for plaintiff in case of Maggie G. Murray v. The Real Estate Title Insurance & Trust Company of Philadelphia. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a check. Before MARTIN, P. J.

The facts appear by the opinion of the Superior Court.

Defendant presented this point:

10. Under the law and the evidence, the delay of the plaintiff to notify defendant of the alleged forgery was such as to discharge the defendant from liability, and your verdict should be for the defendant. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $1,076.25. Defendant appealed.

*Error assigned* among others was (2) above instruction, quoting it.

*Paxson Deeter* and *John C. Bell*, with them *Humbert B. Powell*, for appellant.—When the indorsement of the payee to a check has been forged and the check paid thereunder, the payee may not recover from the drawer, when she, the payee, has not given prompt notice of the forgery and has delayed an unreasonable time in demanding repayment: Rick v. Kelly, 30 Pa. 527; Iron City Nat. Bank v. Fort Pitt Nat. Bank, 159 Pa. 46; States v. First Nat. Bank, 203 Pa. 69; McKenzie v. British Linen Co., L. R. 6 App. Cas. 82; William Ewing & Co. v. Dominion Bank, L. R. (1904) Appeal Cases, 806; Leather Mfg. Bank v. Morgan, 117 U. S. 96; McNeely v. Bank of North America, 221 Pa. 588.

The court erred in leaving to the jury whether the plaintiff was guilty of such delay in notifying the title company as to bar recovery. Whether notice was given "promptly," "within a reasonable time," under the facts of this case, was a question of law for the courts: Case v. Morris, 31 Pa. 100; Haly v. Brown, 5 Pa. 178.

The plaintiff delayed an unreasonable time and failed promptly to give notice of the forgery and demand repayment: States v. First Nat. Bank, 203 Pa. 69; United States v. Nat. Exchange Bank, 45 Fed. Repr. 163; Shepard & Morse Lumber Co. v. Eldrige, 171 Mass. 516; Iron City Nat. Bank v. Fort Pitt Nat. Bank, 159 Pa. 46; Cooke v. United States, 91 U. S. 389; National State Bank v. Weil, 141 Pa. 457.

*Charles L. McKeehan*, with him *Henry A. McCarthy*, for appellee, cited: Shepard & Morse Lumber Co. v. Eldrige, 171 Mass. 516; Leather Mfg. Bank v. Morgan, 117 U. S. 96; Cooke v. United States, 91 U. S. 389; National State Bank v. Weil, 141 Pa. 457.

OPINION BY RICE, P. J., July 14, 1909:

The plaintiff, through her agent, W. G. Rothermel, negotiated a sale of her real estate, and the purchaser deposited the purchase money with the defendant who was to act for him in the settlement. Upon the settlement Rothermel delivered her deed and received the check of the defendant

drawn on itself and payable to her order for the portion of the purchase money coming to her. The check purports to have been indorsed by the payee by her mark, to which Rothermel and another were witnesses, then by Rothermel and then by the Third National Bank, which guaranteed the prior indorsement and received payment from the defendant. The verdict of the jury, interpreted in the light of the evidence and charge of the court, established the facts that the payee did not indorse the check by her mark, did not authorize Rothermel to indorse it, and did not ratify his act; in short, that what purports to be her indorsement is a forgery. According to undisputed testimony the settlement was made and the check was delivered to Rothermel on June 12; it was paid by the defendant on the forged indorsement on June 13; on the latter date the plaintiff received information that the settlement had been made on the preceding day and that Rothermel had received payment; but she did not learn until after Rothermel's death by his own hand in August that he had received a check payable to her order and had obtained payment by a forged indorsement of her name; and between one and two weeks after her discovering that fact she notified the defendant that the indorsement was a forgery. She says: "It must have been a week or two weeks. I cannot say positively, but I know I hesitated for a long time."

In order to relieve the case from unnecessary complications, it should be stated that the plaintiff's delay in discovering the forgery was so far explained by her testimony as to circumstances which we have not mentioned that the court would not have been warranted in declaring as matter of law that that would preclude her from recovery. The question is, whether she is precluded by her delay in notifying the defendant of the fact after she discovered it.

The duty of a depositor in a bank, upon discovering that it has paid and charged to his account, either a check bearing his forged signature as drawer, or his check on the forged indorsement of the payee is to promptly notify it of the forgery: McNeely Co. v. Bank of North America, 221 Pa. 588. The cases cited in the appellant's brief show that the rule that

notice of a forgery must be given "promptly" and "within a reasonable time" is applicable to a variety of cases, and having regard to the reason of the rule it must be held applicable here. As was said by the learned referee in United Security, Life & Trust Co. v. Central National Bank of Philadelphia, 185 Pa. 586, "in the course of business the duty of prompt notice of a discovered forgery is a portion of the commercial law of the state." The particular question upon which counsel disagree in the present case is as to the legal effect of a failure to comply with the rule. Without citing and reviewing earlier cases we think this question is substantially answered in the case of McNeely Co. v. Bank of North America, 221 Pa. 588, which was not reported at the time of the trial of the case now before us. There two distinct views were presented: one, that the plaintiff was not barred of recovery unless by its failure to promptly notify the bank of the forgeries the latter had lost rights over against other parties, and that the burden was upon the bank to show such loss; the other, that the plaintiff, by reason of its failure to promptly notify the bank of its discovery of the forgeries, could not recover, even though the bank had offered no evidence that it could have protected itself and the plaintiff had not shown that it could not, if prompt notice had been given. The latter was held by the referee and the court below, to be the correct view, and upon appeal their conclusion was approved by the Supreme Court in the following clear and unequivocal language, after an elaborate and thorough discussion of the question: "The only reasonable and logical rule is the one adopted by the referee and the court below. Our own cases are in harmony with it, and it is approved by high authority. A different one would be putting a premium upon the laches of a depositor, and give to a dishonest one opportunity to help a forger to escape." In support of this conclusion Mr. Justice Brown, who delivered the opinion said: "As soon as a bank learns that it has paid a check on a forged signature of a depositor, or on a forged indorsement on his check, it is its duty to promptly restore to the depositor's account what was improperly taken from it, and its right at the same time is to proceed against those who wrongfully got

the money. This right is to proceed immediately, and to the promptness with which a bank is able to exercise it recovery is often due. When a depositor withholds from his bank his knowledge of the forgery, he withholds from it this right to proceed promptly for its own protection. It may or may not be able to recover from the forger by promptly proceeding against him, but its right is to try by so proceeding; and when one of its depositors discovers that it has innocently sustained a loss, he ought, not only in all good conscience, but as a legal duty, to notify it at once of its mistake, for by withholding from it what he has discovered, he can, as just stated, gain nothing, but it may lose all. A forger may be insolvent or beyond the reach of civil or criminal process, but, by prompt proceedings against him, others may become interested in him and come to his assistance, who after delay may not do so. This incident to a bank's right to promptly proceed against a forger is not to be overlooked. Whenever a depositor knowingly withholds from it knowledge without which it cannot so proceed in an effort to protect itself, he ought to be regarded, when he comes to enforce alleged rights against it, as having withheld from it a substantial right, without regard to what might or might not have resulted from a prompt exercise of that right." Further on in the opinion he said: "Delay by a depositor in giving notice to a bank means not only its enforced delay in proceeding against those liable to it, but means loss of evidence as well; and if the rule for which appellant contends should prevail, a bank might be deprived of the opportunity of showing that prompt proceeding on its part would have resulted in its recovering for its loss. And again, in a suit brought by a depositor against a bank to recover the amount which it may have improperly paid on a forgery, the issue is the forgery. This issue ought not to be complicated with another, and a speculative one, as to whether anything might have been recovered from the forger, if prompt notice had been given to the bank of the forgery. The only reasonable and logical rule is the one adopted by the referee and the court below."

The learned counsel for the plaintiff do not question the

general proposition that the payee of a check who seeks to recover from a drawee who has paid the check on a forgery of the payee's signature must be prompt in giving notice of the forgery. Nor do they contend that where prompt notice was not given it is incumbent on the drawee to show that he has been actually damaged by the plaintiff's delay. What they contend for is that mere delay will not estop the plaintiff in a case where it affirmatively appears that no prejudice can have resulted therefrom, and that this is such a case. It is supposed that this is such a case, because, as argued by plaintiff's counsel, after Rothermel's death knowledge of the forgery was useful either to the defendant or the Third National Bank only to enable them to go against Rothermel's estate, and claims against his estate were just as good three weeks after his death as one day after his death. But while the probability may be very strong that the defendant could have done nothing between the date when the plaintiff discovered the forgery and the date when she notified it of the fact that would have bettered its position, yet we do not see how it can be declared with legal certainty that it could have done nothing. The fact remains that it lost its right to try by reason of the plaintiff's delay in the performance of a positive legal duty, and, therefore, she must be deemed to have withheld from it a substantial right, without regard to what might or might not have resulted from a prompt exercise of that right. Notwithstanding the undisputed fact that the forger died before the discovery of his forgery, we are of opinion that the rule as above stated is applicable to the case, and that her duty to give prompt notice was not affected by the fact referred to.

The court submitted to the jury the question whether the plaintiff promptly notified the defendant, with instructions that if she did not the defendant was entitled to a verdict in its favor. If the question of the defendant's liability was to be submitted to the jury, the manner in which it was submitted in the part of the charge quoted in the first assignment, was as favorable to the defendant as it had a right to ask. But it is contended that the question whether the notice was given "promptly" or "within a reasonable time," was, under the

444 MURRAY *v.* REAL EST. T. I. & TR. CO., Appellant.

undisputed facts, a question which the court should have decided in the negative by an affirmance of the defendant's tenth point. The defendant's place of business and the plaintiff's residence were in the same city. While there was evidence which may have excused the plaintiff's delay in discovering the forgery, there is no evidence which is excusatory or explanatory of the delay after she discovered it. The law of commercial paper "is founded throughout the civilized world on the utmost promptness, diligence and good faith:" Iron City National Bank v. Fort Pitt National Bank, 159 Pa. 46. Notice of forgery in cases of this kind is to be given "promptly and according to the circumstances and usage of the business:" Iron City National Bank v. Fort Pitt National Bank, 159 Pa. 46. There are in this case no circumstances from which it can be inferred that notice given "a week or two" after the discovery of the forgery was prompt notice, and it certainly would not be so held in similar transactions relating to commercial paper to which the rule requiring prompt notice applies. It is not necessary to declare that it was the plaintiff's imperative duty to give notice the following day, but it seems quite clear that under the admitted facts, and having regard to the nature of the transaction, the usage of the business and the purpose of notice, the plaintiff did not give notice "promptly" or "within a reasonable time." It is one of those cases in which it was within the province of the court to declare the conclusion as matter of law. See Leaming et al. v. Wise, 73 Pa. 173; Cunningham v. Wanamaker, 217 Pa. 497; National State Bank v. Weil, 141 Pa. 457; Cook v. United States, 91 U. S. 389. The general rule that when facts are ascertained and undisputed, and only one inference can be drawn from them, what is reasonable time is a question of law for the court is applied with particular strictness in transactions relating to commercial paper.

The second assignment of error is sustained and the judgment is reversed.