## No. 11,908.

NATIONAL SURETY COMPANY *v.* STOCKYARDS NATIONAL BANK.

Decided November 26, 1928.

Mr. ROBERT EMMET LEE, for plaintiff in error.

Messrs. PONSFORD, PENDER & LARWILL, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

THE surety company, plaintiff below, was defeated on trial to the court on an agreed statement of facts and brings error. The surety company was subrogated to

the rights of the American Commission Company. For brevity and clearness we shall speak of the commission company as plaintiff.

The substantial facts are as follows: The commission company had an account at the defendant bank. It intrusted to one Decker, its employe, blank checks duly signed by its officers, with authority to fill them to pay bills not exceeding $100. The bank did not know of this limitation of authority, and it is not shown that it knew that Decker filled the blanks. Decker gambled and paid his gambling debts to the amount of $2,500 with some of these checks which the bank innocently paid. The checks were duly returned as vouchers by the bank to the plaintiff and plaintiff discovered Decker's conduct yet said nothing to the bank, but waited two or three years and then notified the bank of the facts and some time later brought suit. The bank, if it had known at once might have recovered something from Decker.

The plaintiff relied on C. L. § 6869, which, among other things provides in substance that every negotiable instrument given for a gambling consideration is void even when held in due course, and this court has upheld this provision (*Boughner v. Meyer,* 5 Colo. 71, 73, 40 Am. Rep. 139; *Bank v. McClelland,* 9 Colo. 608, 611, 13 Pac. 723; *Ayer v. Younker,* 10 Colo. App. 27, 50 Pac. 218; *Western Bank v. State Bank,* 18 Colo. App. 128, 70 Pac. 439), and the plaintiff claims that therefore the checks in question furnished no justification for the payment of the commission company's money.

The bank makes several arguments to avoid its liability, but we find it necessary to notice but one, which we think sound, viz.: The long delay of the commission company after its discovery of the facts constituted a ratification.

The contract of the bank with the commission company was to pay on its order, it could not account for what it owed the company by payments without such order, the payment of the void checks was the same as if paid with-

out order, i. e. on its own responsibility, without authority. When, however, the company learned of such payment it was its duty to affirm or disaffirm it within a reasonable time or their silence would amount to a ratification. *Leather Manufacturers' Bank v. Morgan,* 117 U. S. 96, 115, 6 Sup. Ct. 657, 29 L. Ed. 811; *McNeely Co. v. Bank of N. Amer.,* 221 Pa. 588, 70 Atl. 891, 20 L. R. A. (N. S.) 79. A delay of two weeks would be too long. *Murray v. Real Est. etc., Co.,* 39 Pa. Super. 438. Of course the void checks could not be ratified, but the action of the bank in paying with no checks could, and that, in essence, is what was done.

Judgment affirmed.