561 P.2d 23 (1977)
CONDADO ARUBA CARIBBEAN HOTEL, N.V., a corporation of Aruba, Netherlands Antilles, Plaintiff-Appellant,
v.
Bill TICKEL, Defendant-Appellee.
No. 76-195.
Colorado Court of Appeals, Div. II.
February 17, 1977.
*24 Brownstein, Hyatt, Farber & Madden, Judith D. Levine, Denver, for plaintiff-appellant.
Frickey, Cairns & Wylder, P.C., Earl S. Wylder, Denver, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff, Condado Aruba Caribbean Hotel, N.V., appeals a judgment denying relief on their claim for $14,500 against defendant, Bill Tickel. We affirm.
The facts are undisputed. Plaintiff hotel loaned defendant $20,000 for gambling at its casino in Aruba, Netherlands Antilles. Gambling is legal in Aruba. Defendant wrote two checks to repay the debt, each of which was returned for insufficient funds. Defendant subsequently paid $5,500 of the debt, and plaintiff brought this action to recover the remainder.
Plaintiff contends that the trial court erred in holding that the gambling debt was unenforceable. We disagree.
Plaintiff concedes that gambling debts have been held unenforceable in Colorado, see, e.g., National Surety Co. v. Stockyards National Bank, 84 Colo. 563, 272 P. 470, but asserts that this refusal to enforce such debts was based on a statute, C.R.S.1963, 40-10-13, which has now been repealed. Colo.Sess.Laws 1971, ch. 121, sec. 1. Therefore, plaintiff urges, collection of gambling debts incurred where gambling is legal is no longer against public policy in Colorado, and such debts should now be enforced. This contention is without merit.
Contrary to plaintiff's assertion, the policy of refusing to enforce gambling debts in Colorado has not been based solely on statutory grounds. In the early case of Eldred v. Malloy, 2 Colo. 320, the court ruled that enforcement of gambling debts was against sound public policy, and so ruled without reference to the statutory prohibition in effect at the time.
Even in the absence of grounds independent of the statutory prohibition against the enforcement of gambling debts, repeal of C.R.S.1963, 40-10-13, does not necessarily evidence an intent by the legislature to change the existing policy. The current legislative declaration relating to the criminal statutes regarding gambling declares that it is the policy of the general assembly:
to restrain all persons from seeking profit from gambling activities in this state; to restrain all persons from patronizing such activities when conducted for the profit of any person; [and] to safeguard the public against the evils induced by common gamblers and common gambling houses . . .. Section 18-10-101, C.R.S.1973.
This declaration evidences a continuation of the policy against gambling for profit in Colorado, and we therefore conclude that gambling debts owed to a for-profit gambling business are still unenforceable in this state.
Furthermore, we find no indication in this declaration which would support plaintiff's contention that, although gambling is illegal and against public policy when it occurs in Colorado, it would not be contrary to public policy to enforce gambling debts incurred where gambling is legal. To the contrary, we find in the above legislative declaration a policy restraining any activities related to gambling conducted for profit, when not specifically sanctioned by statute, including collection of any gambling debts.
Plaintiff also claims that because defendant drew a check to pay a debt that was legal where incurred, he is liable on the check, even if the underlying debt is unenforceable. We disagree.
Even if we were to assume plaintiff was a holder in due course, it does not take the *25 instrument free of defenses of any party to the instrument with whom it had dealt. See § 4-3-305(2), C.R.S.1973.
Finally, plaintiff contends that since defendant paid a portion of the debt, he has reaffirmed it, and is therefore liable for the remainder. Not so.
While there may be certain situations where the action of a party who issues a negotiable instrument for a gambling debt may be estopped to deny the validity of the instrument, here there is neither an innocent third party, see Sullivan v. German National Bank, 18 Colo.App. 99, 70 P. 162, nor a change of position by plaintiff as a result of defendant's partial payment which could make the doctrine of estoppel applicable. See Ayer v. Younker, 10 Colo.App. 27, 50 P. 218.
Judgment affirmed.
RULAND and KELLY, JJ., concur.